**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **BRIAN STRIEGEL**, *et al.*, | * | |
| **Plaintiffs** | * | |
| **v.** | * | **CIVIL No.  JKB-12-1919** |
| **GIBSON'S G LLC**, *et al.*, | * | |
| **Defendants** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

<u>**MEMORANDUM**</u>

Brian and Connie Striegel ("Plaintiffs") filed this action against Gibson's G LLC ("Gibson") and Craftstar Homes Inc. (together with Gibson, "Defendants") on May 17, 2012, alleging state law claims for breach of contract, breach of implied warranties, breach of express warranties, breach of warranty of completion of construction, negligent misrepresentation, intentional misrepresentation and unfair or deceptive trade practices.  Now pending before the Court is the Court's *sua sponte* investigation of its own jurisdiction over this case.  (ECF No. 14.)  The issues have been briefed and no hearing is required.  Local Rule 105.6.  For the reasons set forth below, the case will be REMANDED to the state court.

### I.     BACKGROUND

Plaintiffs filed this action in the Circuit Court for Queen Anne's County, Maryland, on May 17, 2012.  On June 27, 2012, Defendants filed a notice of removal with this Court.  (ECF No. 1.)  On September 20, 2012, the Court directed the parties, by letter order, to provide information sufficient to determine whether complete diversity of citizenship existed between the parties.  (ECF No. 14.)  On September 26, 2012, Defendants filed a response to the Court's

1

order, identifying the members of Gibson and their citizenships and arguing against remand. (ECF No. 15.)  On October 1, 2012, Plaintiffs filed a response to the Court's order, requesting that the Court remand the action to state court and award Plaintiffs reasonable attorneys' fees. (ECF No. 16.)  On October 3, 2012, Defendants filed a supplemental response to the Court's order, arguing against remand and an award of attorneys' fees.  (ECF No. 17.)

## II.    LEGAL STANDARD

Generally, an action brought in a state court may be removed only if the district court would have had original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  "The burden of establishing federal jurisdiction is placed upon the party seeking removal."  *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).  Federal courts "must strictly construe removal jurisdiction," because it "raises significant federalism concerns."  *Id.*  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

## III.   ANALYSIS

The Court lacks subject matter jurisdiction to hear this case on the basis of complete diversity of the parties pursuant to 28 U.S.C. § 1332.  Federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a)(1).  With certain exceptions, diversity jurisdiction "requires complete diversity among the parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant."  *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).  For purposes of diversity jurisdiction, a limited liability company is an unincorporated association,

"whose citizenship is that of its members." *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004).[1]

Plaintiffs are citizens of Maryland. (ECF No. 16 at 1.) Defendant Gibson, a limited liability company, is a citizen of Virginia and Maryland. (*See* ECF No. 15-1.) Therefore, complete diversity among the parties does not exist, and the Court does not have diversity jurisdiction over this action.

The Court also lacks federal question jurisdiction to hear this case under 28 U.S.C. § 1331. Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, federal courts have federal question jurisdiction over causes of action created by federal law. *See Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004). Where the relevant cause of action is created by state law, "federal question jurisdiction depends on whether the plaintiff's demand 'necessarily depends on resolution of a *substantial question of federal law*.'" *Mulcahey*, 29 F.3d at 151 (quoting *Franchise Tax Bd. of the State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 28 (1983)) (emphasis added by Fourth Circuit in *Mulcahey*). It is axiomatic that the courts evaluate federal question jurisdiction on the basis of a well-pleaded complaint, meaning a complaint that states a claim and does nothing more. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow*, 478 U.S. at 808.

---

[1] Defendants argue that the *Exro* rule should not apply where a non-managing minority member of the LLC is not diverse from the plaintiffs, because the rule ignores the fact that LLCs are treated exactly like corporations for most purposes under Virginia state law. However, the *Exro* holding is based on the text of § 1332, not a comparison of the rights conferred on various categories of legal entities under state law. *See Exro*, 388 F.3d at 121 ("A limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise."); *see also* 28 U.S.C. 1332(c)(1) (defining the citizenship of corporations for the purposes of diversity jurisdiction).

Plaintiffs' claim for breach of the warranty of completion of construction does not seek a remedy for the violation of a federal law.  Plaintiffs allege simply that Defendants issued a warranty and subsequently breached that warranty.  (Compl. ¶¶ 71-73, 91-94, ECF No. 2.) Despite Defendants' attempts to re-characterize the claim, the requirements of 38 U.S.C. § 3705—specifically, whether § 3705 required Defendants to issue the warranty of completion— are not relevant to Plaintiffs' claim for a breach of that warranty.  Plaintiffs do not allege that Defendants violated any rights created by the federal statute, but rather that Defendants breached the agreement between the two parties.

Defendants cite two cases in support of their argument that the Court has federal question jurisdiction to determine "whether and to what extent [the] Federally mandated Warranty of Completion creates a private cause of action."  (ECF No. 17, p.3.)  In *Daugherty v. Pulte Homes of Greater Kansas City*, No. 09 Civ. 2523 (KHV), 2010 WL 4963041 (D. Kan. December 1, 2010), the court did not address its subject matter jurisdiction over the claim for breach of a warranty of completion.  In *Deffes v. Tedesco Homes, Inc.*, 491 F. Supp. 1327 (D. La. 1980), the court held that it did not have subject matter jurisdiction over the plaintiffs' claim under a predecessor statute to § 3705.  Neither of these cases help Defendants meet their burden of demonstrating the Plaintiffs' state law claim for breach of the warranty of completion depend on resolution of a substantial question of federal law.[2]

---

[2] It is also worth noting that these cases do not stand for the propositions for which the Defendants have cited them. In *Deffes*, the plaintiffs purported to proceed under an implied private federal right of action under a predecessor statute to § 3705; plaintiffs do not appear to have asserted a state law claim for violation of warranty. *See* 491 F. Supp. at 1328.  In *Daugherty*, the court noted that the plaintiffs did not assert a state law claim for violation of warranty because the document was not signed by the parties and the plaintiffs "presented no evidence to suggest that the parties ever signed such a document."  2010 WL 4963041, *6 n.11.  At most, therefore, both cases hold that 38 U.S.C. § 3705 does not create an implied federal right of action.  Neither case holds that federal law prohibits plaintiffs from asserting a state law cause of action for a breach of a valid, signed warranty of completion.

Because the Court does not have subject matter jurisdiction over this case, the action will be remanded to the state court.  Plaintiffs have asked the Court to order Defendants to reimburse Plaintiffs' for reasonable attorneys' fees incurred in connection with removal.  The Court has discretion to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. 1447(c).[3]  The Court, however, declines to exercise that discretion in this case.

Defendants filed their notice of removal with this Court on June 27, 2012.  Nearly three months later—well beyond the Plaintiffs' 30-day deadline to file a motion to remand on any basis other than lack of subject matter jurisdiction, and after Plaintiffs filed a lengthy brief opposing Defendants' motion to dismiss—this Court raised the issue of its jurisdiction *sua sponte*.  In response, Plaintiffs asked the Court to remand, in part, on the basis of a forum selection clause in the contract between the parties.  (ECF No. 16, p.4.)  This request was delinquent, *see* § 1447(c), and as baseless as any argument in Defendants' filings, *see IntraComm, Inc. v. Bajaj*, 492 F.3d 285 (4th Cir. 2007) (the general rule is that forum selection clauses are permissive rather than exclusive).  More importantly, most of the expenses incurred by Plaintiffs since removal are attributable to Plaintiffs' failure to challenge the removal in a timely manner.  Even assuming Defendants deserve to pay the expenses incurred by Plaintiffs as a result of removal, Plaintiffs do not deserve to receive them.  *See Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32-33 (5th Cir. 1997) ("[A] plaintiff may in certain cases be estopped from recovering costs and attorney's fees under § 1447(c) when his conduct after removal plays a substantial role in causing the case to remain in federal court.").

---

[3] Plaintiffs also identify a contractual provision providing that the initiator of a "legal action" is liable for the other party's "reasonable attorneys' fees and costs spent to defend any such claim."  (ECF No. 16, p.5.)  This provision does not apply to the present situation, because Defendants have not initiated any legal claims against Plaintiffs.

**IV.      CONCLUSION**

Accordingly, an order shall issue REMANDING this case to the Circuit Court for Queen

Anne's County, Maryland, DENYING AS MOOT all pending motions, and CLOSING this case.

Dated this <u>10th</u> day of October, 2012

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge